IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **In Re:** § | | |
| § | | |
| **GARCIA GRAIN TRADING** § | Case No. 23-70028-EVR-11 | |
| **CORP.,** § | | |
| § | | |
| Debtor. § | | |
| § | | |
| **GARCIA GRAIN TRADING** § | | |
| **CORP.,** § | | |
| Plaintiff § | | |
| § | | |
| v. § | Adversary No. 23-07005 | |
| § | | |
| **RIO BEEF FEEDYARD, INC.** § | | |
| Defendant § | | |

**MOTION TO DISMISS ADVERSARY PROCEEDING WITHOUT PREJUDICE**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, U.S. Bankruptcy Judge:

      NOW COMES, GARCIA GRAIN TRADING CORP., the Plaintiff in the above-captioned Adversary Proceeding and the Debtor in the underlying Bankruptcy Case (the "**Plaintiff**," "**Debtor**" or "**Garcia Grain**"), and files this Motion to Dismiss Adversary Proceeding

without Prejudice (the "**Motion to Dismiss**") and in support thereof would respectfully show as follows:

1. On February 17, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

2. Prior to the Petition Date, Plaintiff, Garcia Grain, sold yellow corn and provided labor and transportation to Rio Beef. In exchange for the goods and services provided, Defendant, Rio Beef, agreed to pay Garcia Grain **$626,186.59**. Rio Beef failed to pay Garcia Grain for those sums as agreed.

3. On August 25, 2023, Plaintiff sent Rio Beef a Demand Letter demanding payment for the amount. However, Defendant, Rio Beef, failed to pay Garcia Grain the amounts due and owing.

4. On October 5, 2023, the Debtor brought this Adversary Proceeding by filing its Complaint to Recover Property of the Estate Pursuant to 11 U.S.C. § 542(b) (the "**Complaint**") [Adv. Dkt. #1].

5. During the course of Adversary Proceeding, settlement was reached between Garcia Grain and Rio Beef. After the Parties negotiated a Compromise and Settlement Agreement, the Debtor filed a Motion to Approve the Compromise and Settlement Agreement pursuant to F.R.B.P. 9019 December 19, 2023 [Bankruptcy Dkt #618]. An Order approving the Motion was entered on February 8, 2024 [Bankruptcy Dkt #715] and a copy of the Order was entered in this Adversary Proceeding on the same date. [Adv. Dkt #14].

Motion to Dismiss Adversary Proceeding without Prejudice

Page 2 of 4

6. This compromise fully resolves this Adversary Proceeding and requires dismissal of this Adversary Proceeding without prejudice as to all claims brought by Garcia Grain against Rio Beef. Matters concerning dismissal of an adversary proceeding are governed by F.R.B.P. Rule 7041. The Debtor certifies that the Defendant has executed and delivered the Compromise and Settlement Agreement, the Promissory Note, and the Agreed Final Judgment to Plaintiff.

7. Therefore, a dismissal without prejudice of this Adversary Proceeding is sought to complete the compromise. The Debtor respectfully requests the Court to retain jurisdiction for the limited purpose of entry of a signed Agreed Final Judgment, which is executed by the Defendant and delivered to Plaintiff as a remedy in case of default, as mutually agreed by the Parties as part of the compromise. A copy of the Compromise and Settlement Agreement and its Exhibit A (Promissory Note) and Exhibit B (An unexecuted copy of the Agreed Final Judgment) is attached to this Motion as "**Exhibit 1**."

WHEREFORE, PREMISES CONSIDERED, the Debtor GARCIA GRAIN TRADING CORPORATION ("**Garcia Grain**") prays for an Order dismissing the Adversary Proceeding against Defendant, RIO BEEF FEEDYARD, INC. ("**Rio Beef**") without prejudice for the reason stated herein, and for the Court retaining jurisdiction for the limited purpose of entry of an Agreed Final Judgment in case of default, and for such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully Submitted,

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
Email: drl@mhba.com

/s/ David R. Langston
David R. Langston, SBN: 11923800
Southern District Bar No. 9489
Özen E. Zimmerman, SBN: 24097659
Southern District Bar No: 3846489
**Attorneys for the Debtor, Garcia Grain Trading Corp.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion was served on the following parties in interest via ECF and/or regular U.S. Mail on this 19th day of February 2024:

1. Garcia Grain Trading Corp.
   Attn: Octavio Garcia
   101 N. Val Verde Rd.
   Donna, TX 78537
   **Debtor**

2. Andrew Jimenez
   U.S. Trustee's Office
   606 N. Carancahua, Suite 1107
   Corpus Christi, Texas 78476

3. Shelby Jordan
   Jordan & Ortiz, P.C.
   500 North Shoreline Drive, Suite 900
   Corpus Christi, TX 78401
   **Counsel for Unsecured Creditors Committee**

4. Jose Luis Caso
   Caso Law Firm, PLLC
   112 E Cano St
   Edinburg, TX 78539
   **Attorney for Rio Beef Feedyard, Inc**.

5. All parties receiving notice via ECF in this case.

/s/ David R. Langston
David R. Langston

# COMPROMISE RELEASE AND SETTLEMENT AGREEMENT

This is a Compromise Release and Settlement Agreement ("Compromise and Settlement Agreement") executed between GARCIA GRAIN TRADING CORPORATION ("Garcia Grain") and RIO BEEF FEEDYARD, INC. ("Rio Beef") (collectively, the "Parties"). The Parties to this Compromise and Settlement Agreement hereby agree to forever settle, discharge, release and waive any and all causes of action any Party may have against the other Party as of the date of this Compromise and Settlement Agreement relating to the litigation between them in the U.S. Bankruptcy Court for the Southern District of Texas, McAllen Division bearing Adversary Cause No. 23-07005 (the "Adversary Proceeding" or the "Lawsuit").

## I.   RECITALS

WHEREAS the Parties desire to reach a full and final settlement and resolution, and have agreed to settle any and all claims relating in any way to the Lawsuit, whether known or unknown, relating to the contract for yellow corn, labor and transportation, including claims which the Parties may have against owners, shareholders, employees, assigns, agents, representatives, affiliates, and attorneys, whether herein named or not, for any damages, of any kind or character whatsoever, including those arising out of or related to the contract.

WHEREAS these recitals are not mere recitals but are contractual in nature.

NOW, THEREFORE, desiring to settle all of the claims between the Parties, which were or could have been asserted concerning the Lawsuit, the Parties enter into this Compromise and Settlement Agreement to provide for certain payments over time in full and final settlement and discharge of any and all claims, actions or causes of action, known or unknown.

## II.   RELEASES, PAYMENT, AND LICENSE

In consideration of the mutual agreements, covenants, representations, stipulations, releases and terms contained in this Compromise and Settlement Agreement, the parties to this Compromise and Settlement Agreement agree as follows:

1.   **Agreement.**   Garcia Grain and Rio Beef agree that in exchange for the Consideration set forth herein, Garcia Grain shall dismiss the Adversary Proceeding without prejudice and forever settle all of the claims between the Parties relating to the contract in question. The Parties agree that "Consideration" shall consist of (i) Rio Beef's signing and returning of this document as well as the "Promissory Note" (Exhibit A) and the "Agreed Final Judgment" (Exhibit B) attached to this document and (ii) Rio Beef's payment of the required sums in the manner set forth herein, in exchange for Garcia Grain's release of all of its claims against the Rio Beef arising from the contract in question.

2.   **Release of Rio Beef.**   Conditioned upon timely receipt of all the settlement payments set forth herein, totaling $626,186.59 plus interest at 3% per annum, Garcia Grain completely releases, acquits, and forever discharges Rio Beef and its owners, shareholders, employees, assigns, agents, representatives, affiliates, and attorneys, whether herein named or

COMPROMISE RELEASE AND SETTLEMENT AGREEMENTPage 1 of 5

**EXHIBIT "1"**

not, of and from any and all past, present or future claims, rights, damages, costs, loss of services, expenses, and compensation of any nature whatsoever, whether based upon tort, contract, statute, copyright, equity or any other theory of liability or recovery, whether known or unknown, and whether for compensatory or punitive damages, which Garcia Grain may now have or hereafter acquire, on account of or in any way growing out of any action or omission prior to the date of this Compromise and Settlement Agreement relating to any claims that were raised or could have been raised in relation to the Lawsuit.

3. **Release of Garcia Grain.** Upon the execution of this Compromise and Settlement Agreement, Rio Beef completely releases, acquits, and forever discharges Garcia Grain and its employees, assigns, agents, representatives, affiliates, and attorneys, whether herein named or not, of and from any and all past, present or future claims, rights, damages, costs, loss of services, expenses, and compensation of any nature whatsoever, whether based upon tort, contract, statute, equity or any other theory of liability or recovery, whether known or unknown, and whether for compensatory or punitive damages, which Rio Beef may now have or hereafter acquire, on account of or in any way growing out of any action or omission prior to the date of this Compromise and Settlement Agreement relating to any claims that were raised or could have been raised in relation to the Lawsuit.

4. **Settlement Sum.** In consideration of the promises, covenants, and warranties contained herein, including the authorization and signing of an Agreed Final Judgment by counsel for the Parties in the full amount owed of $626,186.59 plus interest at 3% per annum in the event of missed or untimely payments, Rio Beef agrees to pay the amount of $626,186.59 plus applicable interest to Garcia Grain in the following manner: $105,186.59 down payment to be paid by December 15, 2023, and $521,000.00 plus applicable interest to be paid in equal monthly installments of $15,151.31 for thirty-six (36) months beginning January 15, 2024 over the next three years, with each payment occurring from January 15, 2024 to December 15, 2026 (36 months). The timely and full payment of $626,186.59 plus interest on the schedule described in the preceding sentence will satisfy the full amount owed. For the avoidance of doubt, if Rio Beef misses a payment, Garcia Grain may enforce its rights under the attached Exhibit A (Promissory Note) and Exhibit B (Agreed Final Judgment) at the end of the document to recover the full amount owed minus timely payments made under this Compromise and Settlement Agreement.

5. **Default and Remedies.** If Rio Beef violates any of the terms of this Compromise and Settlement Agreement, including the Promissory Note attached hereto as Exhibit A, such as by failing to make any of the settlement payments by its due date, Garcia Grain will give Rio Beef a written notice to notify Rio Beef of the violation and ask it to cure it within seven (7) days ("Cure Period"). If Rio Beef does not cure the violation within the Cure Period, Garcia Grain shall immediately exercise its remedies set forth herein. Those remedies include the execution of the Agreed Final Judgment attached hereto as Exhibit B, which Rio Beef agrees to sign and return to Garcia Grain as part of its Consideration under this Compromise and Settlement Agreement. Garcia Grain agrees to refrain from enforcing the signed Agreed Final Judgment unless and until Rio Beef fails to cure any violations of this Compromise and Settlement Agreement within the Cure Period, in which event, the Garcia Grain shall immediately file the Agreed Final Judgment in the Bankruptcy Court for the original Claim Amount set forth in the

Adversary Complaint, and seek to recover the remaining balance on the Promissory Note attached hereto as Exhibit A, plus interest, and all applicable attorney's fees and costs, including costs of collection, save and except those costs and fees specifically excluded by this Compromise and Settlement Agreement.

### III.  ADDITIONAL TERMS

6. **No Representations.**  For the same consideration, the Parties warrant and represent that no promise or agreement not herein expressed has been made by any of the Parties herein released and that this Compromise and Settlement Agreement is not executed in reliance upon any statement or representation made by any Party hereby released or said Party's representatives or agents concerning anything or matter; that the above mentioned consideration is accepted in full compromise, settlement, accord and satisfaction of any and all claims of whatsoever kind or character including all consequences thereof which may hereafter develop as well as those already developed or now apparent.

7. **Authority and Non-Assignment.**  As part of the consideration of this Compromise and Settlement Agreement, the Parties expressly represent and warrant to each other that the signatories to this Agreement are legally competent and authorized to execute this Compromise and Settlement Agreement. Each of the Parties represents and warrants to the others that it has not sold, assigned, granted, or transferred to any other person or entity any claim, counterclaim, demand, action, or cause of action encompassed by this Agreement and that it is the real party in interest.

8. **No Admission of Liability.**  This Agreement is a compromise and settlement. It is specifically understood and agreed by the Parties that the execution of this Agreement is not an admission of liability by the Parties, liability being expressly denied. By entering into this Compromise and Settlement Agreement, the Parties do not admit any legal or factual position or allegation that is or may be asserted in any pending or future action or matter, or any liability, fault or wrongdoing of any nature or kind whatsoever.

9. **Governing Law and Venue.**  The rights and liabilities of the Parties under this Agreement shall be governed as to validity, interpretation, enforcement, effect and damages by the laws of the State of Texas, without regard to any rules, statutes, or case law regarding conflicts of law. Any and all actions brought under or in connection with this agreement shall be filed in Texas State Court in Hidalgo County, Texas.

10. **Representation of Comprehension of Document.**  The Parties, by affixing their signatures hereon, certify that they have fully read this Compromise and Settlement Agreement and fully understand its contents and the effects thereof.

11. **Conditioned Upon Payment.**  All promises, covenants, and agreements set forth herein, specifically including any promise to release any claims, are expressly conditioned upon the timely payment, receipt, and clearing of the settlement sum set forth in Paragraph II.4.

12. **Headings.** The headings used in this Compromise and Settlement Agreement are inserted solely for convenience and shall not be used to interpret the meaning of this document.

13. **Counterparts.** This instrument may be executed in multiple original counterparts, each of which shall be deemed an original for all purposes. No single counterpart of this Compromise and Settlement Agreement need be executed by all of the Parties, so long as each of the Parties shall have executed at least one counterpart. Facsimile and scanned signatures shall be valid.

14. **Entire Agreement.** This document in its entirety, including all exhibits attached to it, namely, Exhibit A ("**Promissory Note**") and Exhibit B ("**Agreed Final Judgment**"), all three of which must be signed and returned to Plaintiff, constitutes the Compromise and Settlement Agreement, and this Compromise and Settlement Agreement contains the entire agreement between the Parties with regard to the matters set forth in it.

15. **No Presumption from Drafting.** In that the Parties have had the opportunity to draft, review, and edit the language of this Compromise and Settlement Agreement, no presumption for or against any party arising out of drafting all or any part of this Compromise and Settlement Agreement will be applied in any action relating to, connected with or involving this Compromise and Settlement Agreement. In particular, any rule of law, legal decisions, or common law principles of similar effect that would require interpretation of any ambiguities in this Compromise and Settlement Agreement against the party that has drafted it, is of no application and is hereby expressly waived by the Parties. The provisions of this Compromise and Settlement Agreement shall be interpreted in a reasonable manner to affect the intentions of the Parties.

16. **Binding Agreement. All of the terms of this Compromise and Settlement Agreement shall be binding upon the Parties' heirs, successors, and assigns. This Compromise and Settlement Agreement is intended to be fully binding and is not revocable. Any party who unsuccessfully seeks to void, invalidate, or set aside this Compromise and Settlement Agreement shall be liable for attorney's fees and court costs incurred by opposing Parties in connection therewith. Any party who sues to enforce the terms of this Compromise and Settlement Agreement shall be entitled to recover attorney's fees and court costs incurred in enforcing this Compromise and Settlement Agreement.**

SIGNATURES ON THE FOLLOWING PAGE.

EXECUTED this \_\_\_\_ day of December, 2023.

_____
Michael Risica,
Rio Beef Feedyard, Inc.


Garcia Grain Trading Corporation

By: _____

Name: Richard S. Schmidt,
Title:  Chief Restructuring Officer for Garcia Grain Trading Corporation

# EXHIBIT A
# PROMISSORY NOTE

$521,000.00
Hidalgo County, Texas
Date: December _____, 2023

**Borrower.** RIO BEEF FEEDYARD, INC. ("**Rio Beef**" or "**Defendant**"), the Defendant in the Adversary Case, is the "**Borrower.**" Rio Beef is a Texas corporation with its principal place of business at 403 East Expressway 83 San Juan, Texas 78589, Hidalgo County, and mailing address at P.O. Box 1168 Edinburg, Texas 78540-1168, Hidalgo County, and its registered agent is Loretta C. Risica.

**Lender.** GARCIA GRAIN TRADING CORP. ("**Garcia Grain**" or "**Plaintiff**") is the "**Lender.**" Garcia Grain is the Plaintiff in the Adversary Case and the Debtor in the Bankruptcy Case. Garcia Grain is a Texas corporation with its registered business address and mailing address at 101 N. Val Verde Rd. Donna, Texas 78537-9561, Hidalgo County, and it is managed by its Chief Restructuring Officer (CRO), Richard S. Schmidt.

**Adversary Case.** *Garcia Grain Trading Corp. v. Rio Beef Feedyard, Inc.*, Adversary Case No.: 23-07005, filed on October 5, 2023 in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division.

**Bankruptcy Case.** *In re: Garcia Grain Trading Corp.*, Bankruptcy Case No. 23-70028-11, filed on February 17, 2023 in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division.

**Principal Amount.** $626,186.59

**Down Payment.** $105,186.59 to be paid by **December 15, 2023**

**Loan Amount after Down Payment.** $521,000.00 plus applicable interest to be paid in equal monthly installments of $15,151.31 for thirty-six (36) months beginning **January 15, 2024**.

## Promise to Pay

For value received, RIO BEEF FEEDYARD, INC. (hereinafter referred to as "**Borrower**") promises to pay to the order of GARCIA GRAIN TRADING CORP. (hereinafter referred to as "**Lender**"), at MULLIN HOARD & BROWN, LLP, 1500 Broadway, Suite 700, Lubbock, Texas, 79401 or at such other place as the holder hereof may designate in writing, according to the terms of this Note. All unpaid amounts are due by **December 15, 2026** (the "**Maturity Date**"), unless earlier declared to be due and payable as provided herein, the principal sum of Five Hundred and Twenty-One Thousand Dollars ($521,000.00) plus applicable interest (the "**Loan Amount**" or "**Loan Amount after Down Payment**"), in accordance with the Repayment

Exhibit A to the Compromise & Settlement Agreement
Between Garcia Grain Trading Corp. and Rio Beef Feedyard, Inc.

Page **1** of **6**

Schedule set forth herein. If any amount is not paid either when due under the terms of this Note or on acceleration of maturity, Borrower promises to pay any unpaid amount plus interest from the date the payment was due to the date of payment at the Annual Interest Rate on Matured, Unpaid Amounts.

**Down Payment.** Borrower hereby represents and warrants that it will pay the Lender the Down Payment amount of One Hundred and Five Thousand One Hundred and Eighty-Six Dollars and Fifty-Nine Cents (**$105,186.59**) (the "**Down Payment**") by **December 15, 2023**.

### Repayment Schedule

Borrower agrees to repay the Loan Amount after Down Payment in equal monthly installments of Fifteen Thousand One Hundred and Fifty-One Dollars and Thirty-One Cents (**$15,151.31**) over three (3) years beginning on **January 15, 2024**, and continuing on the same day of each subsequent month until the Loan Amount is paid in full. The last payment must be made on or before **December 15, 2026** which is thirty-six (36) months from the commencement of the Repayment Schedule.

**Interest.** The Borrower also promises to pay interest on the unpaid amount of the Loan Amount in like money at said office from the date hereof until paid in full. In no event shall the interest payable on this Note, whether before or after maturity, exceed the Maximum Legal Rate.

The applicable "**Interest Rate**" is three percent (**3.00%**) per annum.

Interest shall accrue and be computed on the basis of a year of 365 days or 366 days (for leap years) and shall be payable for the actual number of days elapsed (including the first day but excluding the last day).

For purposes of this Note, "**Business Day**" shall mean any day other than a Saturday, Sunday or other day on which banks in the State of Texas are required or permitted to close.

**Repayment of Principal and Interest.** Commencing on **January 15, 2024**, and continuing on the same day of each month thereafter, through and including the Maturity Date, installments of accrued interest (as calculated pursuant to this Note) shall be due and payable. All outstanding principal and accrued but unpaid interest shall be paid on or before the Maturity Date, unless earlier declared to be due and payable as provided herein.

**Late Charge.** If any installment becomes overdue for more than seven (7) days, at Lender's option a late payment charge may be charged in order to defray the expense of handling the delinquent payment.

**Application of Payments.** All payments made under this Note shall be applied, to the extent thereof, to the payment of any late charges, fees or other charges outstanding hereunder, to accrued but unpaid interest, to unpaid principal, and to any other sums due and unpaid to the

**Exhibit A** to the Compromise & Settlement Agreement
Between Garcia Grain Trading Corp. and Rio Beef Feedyard, Inc.

Page **2** of **6**

Lender, in such manner and order as the Lender may elect in its sole discretion, any instructions from the Borrower or anyone else to the contrary notwithstanding.

**Prepayment.** This Note may be prepaid in full or in part at any time, without premium or penalty. Any partial prepayment will not excuse any later scheduled payments until this Note is paid in full.

### Default

A default exists under this Note if (1) Borrower defaults in the payment of this Note or in the performance of any obligation in any instrument securing or collateral to this Note; (2) (a) Borrower or (b) any other person liable on any part of this Note ("Other Obligated Party") fails to timely pay or perform any obligation or covenant in any written agreement between Lender and Borrower or any Other Obligated Party other than described in (1) above; (3) any representation in this Note or in any other written agreement between Lender and Borrower or any Other Obligated Party is materially false when made; (4) a receiver is appointed for Borrower or any Other Obligated Party; (5) a bankruptcy or insolvency proceeding is commenced by Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; (6) (a) a bankruptcy or insolvency proceeding is commenced against Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party and (b) the proceeding continues without dismissal for sixty (60) days, the party against whom the proceeding is commenced admits the material allegations of the petition against it, or an order for relief is entered; or (7) Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party is terminated, begins to wind up its affairs by its governing body or persons, or any event occurs or condition exists that permits the termination or winding up of the affairs of Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party.

**Notice to Cure Default.** Notwithstanding any other provision of this Note, in the event of a default, before exercising any of the Lender's remedies under this Note, the Lender will first give the Borrower written notice of default and the Borrower will have **seven (7) days** after notice is given (the "**Cure Period**") in which to cure the default. If the default is not cured seven days after the notice or waived in writing by the Lender, (1) Borrower and each surety, endorser or guarantor waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest and notice of protest; and (2) Lender may declare any outstanding principal amounts advanced under this Note and any interest then accrued thereon, and any other amounts owed on the Note to be immediately due and payable, and the Lender may exercise all other rights and remedies provided for herein or otherwise available at law or in equity.

For purposes of this Note, an "**Event of Default**" includes:

    (a)    failure to fully and timely pay any fees, interest or principal when due, whether by acceleration thereof or otherwise, and such default shall continue

**Exhibit A** to the Compromise & Settlement Agreement
Between Garcia Grain Trading Corp. and Rio Beef Feedyard, Inc.

Page **3** of **6**

unremedied beyond the Cure Period set forth in the Compromise and Settlement Agreement, which is seven (7) Business Days following a written Notice by Lender; or

(b)   any material representation or warranty made by the Borrower in in connection with this Note or the credit extensions hereunder or any material statement or representation made in any report, financial statement, certificate or other document furnished by the Borrower to the Lender under or in connection with this Note, shall prove to have been false or misleading in any material respect when made or delivered; or

(c)   default shall be made by the Borrower in the due observance or performance of any covenant, condition or agreement contained in this Note.

**Acceleration Upon Default.** It is expressly provided that upon the occurrence of an Event of Default, the outstanding principal and the accrued and unpaid interest owing hereon shall be matured, at the option of the Lender.

### Waivers

The Borrower and all endorsers, guarantors and sureties of this Note severally waive presentment for payment, demand, notice of intent to accelerate, notice of acceleration, protest and notice of protest, and of dishonor and diligence in collecting and the bringing of suit against any other party, and agree to all renewals, extensions, partial payments, releases, subordinations and substitutions of security, in whole or in part, with or without notice, before or after maturity. The failure by the Lender to exercise any of its rights, remedies, recourses, or powers upon the occurrence of one or more defaults shall not constitute a waiver of the right to exercise the same or any other right, remedy, recourse, or power at any subsequent time in respect to the same or any other default. The acceptance by the Lender of any payment hereunder which is less than payment in full of all amounts due and payable at the time of such payment shall not constitute a waiver of the right to exercise any of the Lender's rights, remedies, recourses, or powers at that time, or any subsequent time, or nullify any prior exercise of any such right, remedy, recourse or power without the written consent of the Lender, except as and to the extent otherwise required by applicable law.

**Modification, Waiver and Amendments.** No modification or waiver of any provision of this Note shall in any way be effective unless the same shall be in writing signed by Borrower and Lender.

**Successors.**  As used herein, the term "Lender" shall include the successors and assigns of the Lender and any subsequent owner and holder of this Note.

**Exhibit A** to the Compromise & Settlement Agreement
Between Garcia Grain Trading Corp. and Rio Beef Feedyard, Inc.

Page **4** of **6**

**Usury.** Notwithstanding any other provisions herein contained, no provision of this Note shall require or permit the collection from Borrower of interest in excess of the maximum rate or amount that Borrower may be required or permitted to pay pursuant to any applicable law.

**Governing Law and Jurisdiction.** This Note, except as governed by applicable federal law, shall be construed in accordance with and governed by the laws of the State of Texas. EACH PARTY AGREES THAT ALL DISPUTES BETWEEN THE BORROWER AND LENDER ARISING OUT OF, CONNECTED WITH, RELATED TO, OR INCIDENTAL TO THE RELATIONSHIP ESTABLISHED BETWEEN THEM IN CONNECTION WITH THIS NOTE OR ANY OTHER LOAN DOCUMENT, AND WHETHER ARISING IN CONTRACT, TORT, EQUITY, OR OTHERWISE, SHALL BE RESOLVED ONLY BY STATE OR FEDERAL COURTS LOCATED IN HIDALGO COUNTY THE STATE OF TEXAS, BUT EACH PARTY ACKNOWLEDGES THAT ANY APPEALS FROM THOSE COURTS MAY HAVE TO BE HEARD BY A COURT LOCATED OUTSIDE OF THE STATE OF TEXAS. EACH PARTY WAIVES ANY AND ALL DISPUTES AND ANY AND ALL OBJECTIONS THAT IT MAY HAVE TO THE LOCATION OF THE COURT CONSIDERING THE DISPUTE.

**WAIVER OF JURY TRIAL.** THE BORROWER AND THE LENDER HEREBY KNOWINGLY, VOLUNTARILY, IRREVOCABLY AND INTENTIONALLY WAIVE, TO THE MAXIMUM EXTENT PERMITTED BY LAW, ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR CLAIM ARISING OUT OF OR RELATED TO THIS NOTE OR THE ACTIONS OF THE LENDER IN THE ENFORCEMENT HEREOF.

THIS NOTE AND ALL OTHER LOAN DOCUMENTS CONSTITUTE A WRITTEN LOAN AGREEMENT WHICH REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN. THE PARTIES RELATING TO THE INDEBTEDNESS.

[SIGNATURE PAGE FOLLOWS]

**Exhibit A** to the Compromise & Settlement Agreement
Between Garcia Grain Trading Corp. and Rio Beef Feedyard, Inc.

Page **5** of **6**

IN WITNESS WHEREOF, the undersigned has executed and delivered this Note under seal to be effective as of the date first written above:

BORROWER:

**Rio Beef Feedyard, Inc.**, a Texas corporation

By: _____
Michael Risica, President

Date: 12/13/2023 _____

Exhibit A to the Compromise & Settlement Agreement
Between Garcia Grain Trading Corp. and Rio Beef Feedyard, Inc.

Page **6** of **6**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **In Re:** § | | |
| § | | |
| **GARCIA GRAIN TRADING** § | Case No. 23-70028-EVR-11 | |
| **CORP.,** § | | |
| § | | |
| Debtor. § | | |
| § | | |
| **GARCIA GRAIN TRADING** § | | |
| **CORP.,** § | | |
| Plaintiff § | | |
| § | | |
| v. § | Adversary No. 23-07005 | |
| § | | |
| **RIO BEEF FEEDYARD, INC.** § | | |
| Defendant § | | |

**AGREED FINAL JUDGMENT**

ON THIS DAY came on to be considered the Complaint to Recover Property of the Estate Pursuant to 11 U.S.C. § 542(b) (the "Complaint") filed by GARCIA GRAIN TRADING CORP., the Debtor in the above-captioned case (the "Debtor" or "Garcia Grain") against Defendant, RIO BEEF FEEDYARD, INC. ("Rio Beef") ("Defendant") pursuant to Fed. R. Bankr. Proc. 7001 and 11 U.S.C. § 542(b). The Court, having considered the Complaint, the evidence presented and admitted, and the argument of counsel, and having determined that good cause exists for the entry of this Agreed Final Judgment granting the relief requested by the Debtor, and believing such relief to be in the best interests of the Debtor's estate, and should be GRANTED, enters the following findings and orders:

**Exhibit B** to the Compromise & Settlement Agreement
Between Garcia Grain Trading Corp. and Rio Beef Feedyard, Inc.

1. This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Rule 7001 because the claims and causes of action asserted in this Complaint arise in and under Title 11, and relate to cases filed under Title 11 and pending in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division, under Case No. 23-70028-EVR-11.

2. The claims and causes of action set forth herein concern the turnover of estate property under 11 U.S.C. § 542(b). Accordingly, this adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2)(E).

3. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. § 1409.

4. On February 17, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

5. Prior to the Petition Date, Plaintiff, Garcia Grain, sold yellow corn and provided labor and transportation to Rio Beef. In exchange for the goods and services provided, Defendant, Rio Beef, agreed to pay Garcia Grain **$626,186.59**. Rio Beef failed to pay Garcia Grain for those sums as agreed.

6. On August 25, 2023, Plaintiff sent Rio Beef a Demand Letter demanding payment for the amount. However, Defendant, Rio Beef, failed to pay Garcia Grain the amounts due and owing.

7. On October 5, 2023, the Debtor brought this Adversary Proceeding by filing its Complaint [Adv. Dkt. #1].

**Exhibit B** to the Compromise & Settlement Agreement
Between Garcia Grain Trading Corp. and Rio Beef Feedyard, Inc.

Page **2** of **4**

8.  Based on the evidence presented and admitted, the Court finds that the Debtor has been damaged by the failure of the Defendant to pay the amount that constitutes the subject matter of this Adversary Proceeding in the amount of Six Hundred and Twenty-Six Thousand One Hundred and Eighty-Six Dollars and Fifty-Nine Cents (**$626,186.59**) plus applicable interest, which is three percent (3%) per annum.

The Court hereby RENDERS Agreed Final Judgment for the Debtor, Garcia Grain Trading Corporation, as to the liability of Defendant, Rio Beef Feedyard, Inc. on the Debtor's causes of actions for breach of contract, quantum meruit, and suit on an account as set forth in its Adversary Complaint.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the Debtor, Garcia Grain Trading Corporation, have and recover from Defendant, Rio Beef Feedyard, Inc., the sum of Six Hundred and Twenty-Six Thousand One Hundred and Eighty-Six Dollars and Fifty-Nine Cents (**$626,186.59**) plus applicable interest, which is three percent (3%) per annum.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Debtor, Garcia Grain Trading Corporation, have and recover from Defendant, Rio Beef Feedyard, Inc., the costs of court and post-judgment interest on the damages against Defendant set forth herein at the legal rate of interest from the date of this Agreed Final Judgment until paid.

IT FURTHER ORDERED, ADJUDGED AND DECREED that the terms and provisions of this Agreed Final Judgment shall be effective upon its entry.

**Exhibit B** to the Compromise & Settlement Agreement
Between Garcia Grain Trading Corp. and Rio Beef Feedyard, Inc.

Page **3** of 4

**APPROVED AND ENTRY REQUESTED**

/s/ David R. Langston_____
David R. Langston, SBN: 11923800
Southern District Bar No. 9489
Özen E. Zimmerman, SBN: 24097659
Southern District Bar No: 3846489
***Attorneys for the Debtor, Garcia Grain Trading Corp.***


/s/ Jose Luis Caso_____
Jose Luis Caso, SBN: 24065018
Caso Law Firm, PLLC
112 E. Cano St.
Edinburg, TX 78539
***Attorney for Defendant, Rio Beef Feedyard, Inc***.

**Exhibit B** to the Compromise & Settlement Agreement
Between Garcia Grain Trading Corp. and Rio Beef Feedyard, Inc.

Page **4** of **4**